UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE and JOHN BURKE, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-2591 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| MARK DANIEL HOPKINS, SHELLEY | § | |
| HOPKINS, and HOPKINS LAW, PLLC, | § | |
| | § | |
| *Defendants.* | § | |

ATTORNEY DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC ("Attorney Defendants") files this Answer to Plaintiffs' Complaint (the "Complaint") [Doc. 1], and in support thereof respectfully state as follows:

I. ANSWER TO COMPLAINT

1.      Attorney Defendants admit that Plaintiffs are residents of Harris County, Texas, which is located in the venue of the United States District Court for the Southern District of Texas as alleged in Paragraph 1 of the Complaint (first paragraph under the "Parties" header), Page 2.

2.      Attorney Defendants deny the service and entity information as alleged by Plaintiffs in Paragraph 2 of the Complaint, Page 2.

3.      Attorney Defendants admit that Hopkins Law, PLLC is a law firm and a Texas PLLC as alleged in Paragraph 3 of the Complaint, but deny the service allegations contained in the same paragraph, Pages 2-3.

4.      Attorney Defendants admit that Mark Daniel Hopkins is an individual and attorney, whose business address is stated in Paragraph 4 of the Complaint, Page 3.

5.      Attorney Defendants admit that Shelley Luan Hopkins is an individual and attorney, whose business address is stated in Paragraph 5 of the Complaint, Page 3.

6.      Attorney Defendants state that the United States District Court for the Southern District of Texas is the appropriate venue and the Court has jurisdiction to hear this matter, but deny the remaining allegations and relief requested in Paragraph 6 of the Complaint, Page 4.

7.      Attorney Defendants state that the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") disposed of Plaintiffs' appeals, but deny the remaining allegations of Paragraph 7 of the Complaint, Page 5.

8.      Attorney Defendants deny the allegations contained in Paragraph 8 of the Complaint, Pages 5-8.

9.      Attorney Defendants deny the summary of the law and conclusions stated in Paragraph 9 of the Complaint and therefore deny its entirety, Page 8.

10.     Attorney Defendants are without sufficient information to admit or deny statements regarding the experience of Christina Gardner as alleged in Paragraph 10 of the Complaint. Further, Attorney Defendants are without sufficient information to admit or deny statements regarding Gardner's activities as a Fifth Circuit clerk and therefore deny all allegations contained in Paragraph 10 of the Complaint, Pages 8-9.

11.     Attorney Defendants are without sufficient information to admit or deny statements regarding Gardner's activities as a Fifth Circuit clerk and therefore deny all allegations contained in Paragraph 11 of the Complaint. Further, Attorney Defendants are without sufficient information to admit or deny that the image of an alleged email is authentic and therefore Attorney Defendants deny all allegations and images contained in Paragraph 11 of the Complaint, Page 9.

12.     Attorney Defendants deny the allegations contained in Paragraph 12 of the Complaint, Page 10.

13.     Attorney Defendants deny the allegations contained in Paragraph 13 of the Complaint, Page 10.

14.     Attorney Defendants deny the allegations contained in Paragraph 14 of the Complaint, the first paragraph on Page 11.

15.     Attorney Defendants deny the allegations contained in Paragraph 15 of the Complaint, Page 12.

16.     Attorney Defendants deny the allegations contained in Paragraph 16 of the Complaint, Page 12.

17.     Attorney Defendants deny the allegations contained in Paragraph 17 of the Complaint, Page 13, and state that the Court should not set aside the judgment.

18.     Attorney Defendants deny the allegations contained in Paragraph 18 of the Complaint, Page 13.

19.     Attorney Defendants deny that Plaintiffs are facing a wrongful foreclosure and further deny all allegations contained in Paragraph 19 of the Complaint, first paragraph of Page 14.

20.     Attorney Defendants deny the allegations contained in Paragraph 20 of the Complaint, Page 14.

21.     Attorney Defendants deny that Plaintiffs are the victims of fraud and any further allegations contained in Paragraph 21 of the Complaint, Pages 14-15.

22.     Attorney Defendants state that Plaintiffs brought separate suits previously against Ocwen and Attorney Defendants, but deny all allegations and characterizations of Paragraph 22 of the Complaint, Page 15.

23.     Attorney Defendants state that Plaintiffs' prior suit against Attorney Defendants was property removed to Federal Court due to federal question jurisdiction and deny all allegations contained in Paragraph 23 of the Complaint, Page 15.

24.     Attorney Defendants deny that Plaintiffs have jurisdiction to attack a final judgment with a new, separate suit and therefore deny all allegations contained in Paragraph 24 of the Complaint, Page 16.

25.     Attorney Defendants deny the allegations contained in Paragraph 25 of the Complaint, Page 16.

26.     Attorney Defendants deny that any judgment issued in the prior case(s) were procured by fraud and therefore deny all allegations contained in Paragraph 26 of the Complaint, Page 16.

27.     Attorney Defendants state that the judgment and mandate issued from the Fifth Circuit is valid and deny all allegations of Paragraph 27 of the Complaint, Page 17.

28.     Attorney Defendants deny the legal conclusions regarding intrinsic fraud contained in Paragraph 28 and deny all allegations of the paragraph, Page 17.

29.     Attorney Defendants are without sufficient information to verify the authenticity of the information contained in the third party link, purporting to be a Yale Law Journal as the link included by Plaintiffs is not to the Yale Law Journal itself and is hosted by what appears to be Plaintiffs' website or something controlled by Plaintiffs. Attorney Defendants therefore deny the allegations of Paragraph 29 of the Complaint, first paragraph of Page 18.

30.      Attorney Defendants are without sufficient information to verify the authenticity of the quote in Paragraph 30 of the Complaint and therefore deny any allegations or statements therein, Page 18.

31.      Attorney Defendants are without sufficient information to verify the authenticity of the quote in Paragraph 31 of the Complaint and therefore deny any allegations or statements therein, Page 18.

32.      Attorney Defendants deny Plaintiffs have the ability to attack a valid judgment with a new lawsuit and therefore deny all allegations of Paragraph 32 of the Complaint, first paragraph of Page 19.

33.      Attorney Defendants state that Plaintiffs previously sued Defendant Ocwen in state court and the case was removed to the Southern District of Texas. The case was assigned to Senior United States District Judge David Hittner and United States Magistrate Judge Peter Bray, but Attorney Defendants deny all further allegations contained in Paragraph 33 of the Complaint, Page 19.

34.      Attorney Defendants are without sufficient information to admit or deny the statements regarding a suit they were not a party thereto and therefore deny all allegations contained in Paragraph 34 of the Complaint, Pages 19-20.

35.      Attorney Defendants are without sufficient information to admit or deny the statements regarding a suit they were not a party thereto and therefore deny all allegations contained in in Paragraphs 35 of the Complaint, Page 20.

36.      Attorney Defendants are without sufficient information to admit or deny the statements regarding a suit they were not a party thereto and therefore deny all allegations contained in Paragraph 36 of the Complaint, Page 20.

37.      Attorney Defendants are without sufficient information to admit or deny the statements regarding a suit they were not a party thereto and therefore deny all allegations contained in Paragraph 37 of the Complaint, Page 21.

38.      Attorney Defendants are without sufficient information to admit or deny the statements regarding a suit they were not a party thereto and therefore deny all allegations contained in Paragraph 38 of the Complaint, Page 21.

39.      Attorney Defendants admit Plaintiffs previously sued Attorney Defendants in state court and the case was removed to the Southern District of Texas. The case was assigned to Senior United States District Judge David Hittner and United States Magistrate Judge Peter Bray, but Attorney Defendants deny all further allegations contained in Paragraph 39 of the Complaint, the last paragraph of Page 21.

40.      Attorney Defendants admit that the previous court dismissed Plaintiffs' case with prejudice as stated in Paragraph 40 of the Complaint, but deny any remaining allegations contained therein, Page 22.

41.      Attorney Defendants admit the Burkes dispute facts from the Opinion issued by the Fifth Circuit Court of Appeals as stated in Paragraph 41 of the Complaint, Page 23.

42.      Attorney Defendants admit that Plaintiffs appealed the prior judgment of the District Court, but deny the remaining allegations of Paragraph 42 of the Complaint, or are without sufficient information to admit or deny and therefore deny, Page 23.

43.      Attorney Defendants admit that the U.S. Court of Appeals for the Fifth Circuit assigns panels to consider cases on appeal, but deny or are without sufficient information to admit or deny Plaintiffs' statements of Paragraph 43 of the Complaint, Page 23.

44.     Attorney Defendants deny all allegations contained in Paragraph 44 of the Complaint, the first paragraph of Page 24.

45.     Attorney Defendants are without sufficient information to admit or deny the allegations regarding the Burkes' alleged judicial complaint and therefore deny all allegations of Paragraph 45 of the Complaint, Page 24.

46.     Attorney Defendants are without sufficient information to admit or deny the allegations regarding the Burkes' alleged judicial complaint and therefore deny all allegations of Paragraph 46 of the Complaint, Page 25.

47.     Attorney Defendants are without sufficient information to admit or deny the allegations regarding the Burkes' alleged judicial complaint and/or what the Court addressed in its consideration and therefore deny all allegations of Paragraph 47 of the Complaint, Page 26.

48.     Attorney Defendants deny the conclusions of law and all allegations of Paragraph 48 of the Complaint, Pages 26-27.

49.     Attorney Defendants admit that Plaintiffs filed a Motion to Disqualify the Honorable Justice Priscilla Owen for the Fifth Circuit, but deny all other allegations contained in Paragraph 49 of the Complaint, Page 28.

50.     Attorney Defendants admit that Plaintiffs' Motion to Disqualify in the appeal at the Fifth Circuit was denied, but deny the other allegations of Paragraph 50 of the Complaint, Page 29.

51.     Attorney Defendants state that the Fifth Circuit issued a judgment on August 4, 2021, but deny all other allegations of Paragraph 51 of the Complaint, Page 29.

52.     Attorney Defendants admit that Plaintiffs filed a Petition for Rehearing in the appeal at the Fifth Circuit, but deny the remaining allegations of Paragraph 52 of the Complaint, Page 29.

53.     Attorney Defendants state the following in response Paragraph 53 (and its subsections) of the Complaint, Pages 30-38:

(1)     Attorney Defendants admit that the Plaintiffs attempted to file a Petition for Rehearing En Banc on April 13, 2021 in the Fifth Circuit Case.

(2)     Attorney Defendants admit the Burkes' Petition for Rehearing En Banc was insufficient and Plaintiffs were notified of same by the Fifth Circuit on April 13, 2021.

(3)     Attorney Defendants admit Plaintiffs then filed a Motion for Other Relief on April 23, 2021.

(4)     Attorney Defendants admit Plaintiffs' Motion for Other Relief, filed on April 23, 2021 with the Fifth Circuit was denied on May 5, 2021.

(5)     Attorney Defendants admits Plaintiff filed a Motion for Extension of Time on May 12, 2021 with the Fifth Circuit.

(6)     Attorney Defendants admits Plaintiff filed a Motion for Reconsideration of Single Judge's Order on May 14, 2021, and the Fifth Circuit subsequently notified Plaintiffs that the document was received and no action would be taken, but denies any other allegations of this section.

(7)     Attorney Defendants admit that the Burkes' Proposed Sufficient Petition for Rehearing En Banc was duplicative and Plaintiffs were notified of same by the Fifth Circuit on May 17, 2021.

(8)    Attorney Defendants admit that on May 28, 2021, the Fifth Circuit entered an Order Denying Plaintiffs' Motion to Extend Time to file Petition for Rehearing.

(9)    Attorney Defendants admit that on May 28, 2021, Plaintiffs filed a Motion for Reconsideration of the May 5, 2021 Court Order.

(10)   Attorney Defendants admit that Plaintiffs filed a Renewed Motion for Reconsideration, but state that the Motion was filed on June 7, 2021, after which the Fifth Circuit notified Plaintiffs on June 8, 2021 that no action would be taken on the document, therefore Ocwen denies the inaccurate allegations of this section.

(11)   Attorney Defendants admit that the Fifth Circuit entered an Order Denying Plaintiffs' Motion for Reconsideration on June 21, 2021 and that the image on Page 33 of the Complaint is an image of a section of that Order, but deny the remaining allegations of this section.

(12)   Attorney Defendants admit that Fifth Circuit Clerk Rebecca L. Leto sent a letter updating the docket entry for the Petition for Rehearing and setting a deadline for Plaintiffs' Sufficient Rehearing on June 29, 2021.

(13)   Attorney Defendants admit that on July 3, 2021, Plaintiffs filed a Motion to Disqualify Chief Judge Priscilla R. Owen.

(14)   Attorney Defendants admit that the Fifth Circuit entered an order on July 7, 2021 denying Plaintiffs' Motion to Disqualify Chief Judge Priscilla R. Owen.

(15)   Attorney Defendants admit that Plaintiffs filed a document titled Motion to Clarify on July 8, 2021, later docketed as a Motion for Reconsideration, but denies all allegations contained in this paragraph.

(16)   Attorney Defendants is without sufficient information to admit or deny the subject of the telephone call between Clerk Christina Gardner and John Burke, however the Court's docket reflects that no action would be taken on Plaintiffs' request for clarification in Plaintiffs' July 8, 2021 Motion because the clerk's office procedure was explained to Mr. Burke telephonically, therefore Ocwen denies the allegations in this paragraph.

(17)   Attorney Defendants admit that Plaintiffs filed a Motion for Extension of Time to File Petition for Rehearing on July 8, 2021. Attorney Defendants further admit that Plaintiffs' Motion was later denied as shown as a portion of that Order is shown in the image on Page 36 of the Complaint.

(18)   Attorney Defendants admit that Plaintiffs filed a Motion for Sanctions against Attorney Defendants on July 8, 2021. Attorney Defendants further admit that the Motion was later denied as a portion of that Order is shown in the image on Page 36 of the Complaint.

(19)   Attorney Defendants admit that Plaintiffs filed a Motion to Correct Opinion on July 18, 2021.

(20)   Attorney Defendants state that Attorney Defendants filed a Response in Opposition to Plaintiffs' Motion for Sanctions on July 19, 2021.

(21)   Attorney Defendants states that Ocwen and Attorney Defendants filed a Response in Opposition to Appellants' Motion for Reconsideration on July 19, 2021, but denies the allegations contained in this paragraph.

(22)   Attorney Defendants state that Plaintiffs filed a Motion to Strike Attorney Defendants' Opposition to Motion for Sanctions, which was in reality titled "Appellants' Motion to Strike Hopkins Scandalous Material in Response to Sanctions or Strike Motion Entirely and Request Hopkins Refile Without Scandalous Content & Renewed Request to Grant the Pending Sanctions Motion" on July 28, 2021, therefore Attorney Defendants deny the statements of this section.

(23)   Attorney Defendants admit that Plaintiffs filed a Motion to Strike Attorney Defendants' Response to Plaintiffs' Motion for Reconsideration, titled "Appellants' Motion to Strike Hopkins Response to a Void Motion for Reconsideration Entered Unlawfully Onto The Docket By Fifth Circuit Clerk Christina Gardner" on July 28, 2021, but denies the allegations contained in this section.

(24)   Attorney Defendants admit that the Fifth Circuit entered a Judgment and Mandate on August 4, 2021 but deny the allegations contained in this paragraph.

54.   Attorney Defendants deny all allegations contained in Paragraph 54 of the Complaint, first paragraph on Page 39.

55.   Attorney Defendants deny all allegations and legal conclusions proposed by Plaintiffs in Paragraph 55 of the Complaint, Page 39.

56.     Attorney Defendants deny all allegations contained in Paragraph 56 of the Complaint, Pages 39-40.

57.     Attorney Defendants deny that Plaintiffs are entitled to pursue this suit to set aside a prior valid final judgment and therefore deny all allegations Paragraph 57 of the Complaint, Page 40.

58.     Attorney Defendants deny the allegations and relief requested in Paragraph 58 of the Complaint, Page 41.

59.     Attorney Defendants deny all allegations contained in Paragraph 59 of the Complaint, Page 41.

60.     Attorney Defendants are without sufficient information to admit or deny the allegations of Paragraph 60 of the Complaint and therefore deny all allegations therein, Page 42.

61.     Attorney Defendants deny all allegations contained in Paragraph 61 of the Complaint, Pages 42-43.

62.     Attorney Defendants deny that Plaintiffs have been denied due process and deny all allegations of Paragraph 62 of the Complaint, Page 44.

63.     Attorney Defendants deny the allegations and legal conclusions by Plaintiffs Paragraph 63 of the Complaint, Pages 44-45.

64.     Attorney Defendants admit that the Fifth Circuit issued their opinion in the Burkes' prior appeal as to Attorney Defendants on March 30, 2021 and issued final order, judgment and mandate on August 4, 2021, but deny any further remaining allegations of Paragraph 64 of the Complaint, Page 45.

65.     Attorney Defendants deny all allegations contained in Paragraph 65 of the Complaint, Pages 45-46.

66.     Attorney Defendants deny all allegations contained in Paragraph 66 of the Complaint, Page 46.

67.     Attorney Defendants admit that the Fifth Circuit order from August 4, 2021 denied Plaintiffs' motion to stay issuance of mandate as stated in Paragraph 67 of the Complaint, Page 47.

68.     Attorney Defendants deny all allegations contained in Paragraph 68 of the Complaint, Page 47.

69.     Attorney Defendants deny all allegations contained in Paragraph 69 of the Complaint, Page 48.

70.     Attorney Defendants deny Plaintiffs' allegations in Paragraph 70 of the Complaint regarding Plaintiffs' characterization of events in a prior action and on appeal and therefore deny all allegations contained therein, Page 48-49.

71.     Attorney Defendants deny that the prior judgment dismissing Plaintiffs' complaint against Attorney Defendants is void, deny that Plaintiffs have the ability to contest that judgment and deny all of Plaintiff's allegations of Paragraph 71 of the Complaint, Page 49.

72.     Attorney Defendants deny all allegations contained in Paragraph 72 of the Complaint, Page 50.

73.     Attorney Defendants deny that Plaintiffs were subjected to judicial corruption, fraud by officer of the court, and an unconscionable scheme, and deny that Plaintiffs have suffered any damages. Attorney Defendants therefore deny all allegations of Paragraph 73 of the Complaint, Pages 50-51.

74.     Attorney Defendants deny Plaintiffs are entitled to the relief requested and therefore deny the allegations contained in Paragraph 74 of the Complaint, Pages 51-53.

## II.  AFFIRMATIVE DEFENSES

75.    In addition to and without waiving the foregoing specific denials made herein, Attorney Defendants assert the following affirmative defenses to the allegations in Plaintiffs' Complaint.

76.    Plaintiffs' claims are barred by attorney immunity.

77.    Plaintiffs' claims are barred by laches.

78.    Plaintiffs' claims are barred by res judicata, claim preclusion and issue preclusion.

79.    Plaintiffs fail to state a claim upon which relief can granted.

80.    Plaintiffs' claims are barred, in whole or in part, by unclean hands.

81.    Plaintiffs' claims are barred by contributory negligence.

82.    Plaintiffs' claims are barred, in whole or in part, because there is no special relationship between Plaintiffs and Attorney Defendants and Attorney Defendants owe no special duty to Plaintiffs.

83.    Plaintiffs' claims are barred, in whole or in part, because Attorney Defendants' acts and/or omissions were not the cause of Plaintiffs' damages, if any. Instead, Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and/or entities, including Plaintiffs themselves, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any.

## III.  CONCLUSION

Defendants Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC pray that Plaintiffs take nothing by the Complaint, that said Complaint be dismissed with prejudice and on the merits, that Defendants Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC be awarded any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By:    /s/ *Mark D. Hopkins*
        Mark D. Hopkins – *Attorney in Charge*
        State Bar No. 00793975
        SD ID No. 20322
        Shelley L. Hopkins
        State Bar No. 24036497
        SD ID No. 92646
        3 Lakeway Centre Ct., Suite 110
        Austin, Texas 78734
        (512) 600-4320
        mark@hopkinslawtexas.com
        shelley@hopkinslawtexas.com

        **ATTORNEYS FOR ATTORNEY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA CM/RRR # 7021 0350 0001 0095 2586***
***AND VIA REGULAR MAIL:***
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

***VIA CM/RRR # 7021 0350 0001 0095 2593***
***AND VIA REGULAR MAIL:***
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

        /s/ *Mark D. Hopkins*
        Mark D. Hopkins