UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOANNA BURKE and JOHN BURKE,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-02591 |
| | § | |
| **PHH MORTGAGE CORPORATION, SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC, MARK DANIEL HOPKINS, SHELLEY HOPKINS, and HOPKINS LAW, PLLC,** | § § § § § § | |
| *Defendants.* | § | |

## DEFENDANTS PHH MORTGAGE CORPORATION, SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Ocwen Loan Servicing, LLC ("Ocwen") now known as PHH Mortgage Corporation ("PHH") as the Successor by Merger ("Defendants") file this Motion for Judgment on the Pleadings against Plaintiffs Joanna Burke and John Burke's ("Plaintiffs" or the "Burkes") First Amended Complaint (the "Amended Complaint") [Doc. 12]. Defendants respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1. Over long a decade ago, Deutsche Bank National Trust Company[1], filed suit against Plaintiffs John Burke and Joanna Burke in order to foreclose on real property commonly known as 46 Kingwood Greens Dr., Kingwood, TX 77339 ("Property"). On November 29, 2018 after lengthy federal district court litigation, combined with two trips to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), Deutsche Bank obtained judgment allowing

---

[1] In its capacity as Trustee of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling and Servicing Agreement Dated June 1, 2007

foreclosure of the Property. Unable to accept defeat, Plaintiffs then filed separate lawsuits against Deutsche Bank's then mortgage servicer (Ocwen) and Deutsche Bank's attorneys including Mark Hopkins, Shelley Hopkins and Hopkins Law, PLLC (hereafter "Attorney Defendants"). Ocwen and Attorney Defendants obtained dismissal of the Burkes' suits and the Burkes appealed those dismissals to the Fifth Circuit. *See* Plaintiffs' Complaint at "Preamble" on Page 17 - referencing *Burke v. Ocwen*, Civil Action No. 4:18-cv-4544 in the U.S. District Court for the Southern District of Texas and *Burke v. Hopkins*, Civil Action No. 4:18-cv-4543 in the U.S. District Court for the Southern District of Texas. On August 4, 2021, the United States Court of Appeals for the Fifth Circuit affirmed the judgment for Ocwen and the Attorney Defendants. *Burke v. Ocwen Loan Servicing, LLC,* 855 Fed. Appx. 180 (5th Cir. Mar. 30, 2021).

2.  Plaintiffs have been residing in the Property without making payments since at least 2010. *See Deutsche Bank v. Burke,* 902 F.3d 548, 552 (5th Cir. 2018). Plaintiffs' objective is clear; through this new lawsuit the Burkes seek to overturn two valid prior final judgments and in doing so, further delay both foreclosure of the deed of trust and eviction from the Property. Plaintiffs have no new claims upon which they seek redress. As summarized by the Burkes' latest "Preamble," in this suit, the Burkes filed this instant lawsuit complaining that "the judgment(s) and mandate issued (Exhibit A) in relation to the Appeal and the two District Court cases are fraudulent and void." [Doc. 12, at P. 17]. As pled by the Burkes in this lawsuit, the Burkes believe the prior judgment(s) of the Fifth Circuit and the Southern District to be void.

3.  Plaintiffs' remedy for *disagreement* with the Fifth Circuit, was to seek proper review in a timely petition for writ of certiorari to the United States Supreme Court. Plaintiffs failed to do so, instead electing to bring this frivolous action against Defendants, Attorney

Defendants and the Clerks of the Fifth Circuit due to their misguided belief that they (the Burkes) were somehow wronged, again.

4. *Collateral Attack on a Judgment Not Permitted*. Plaintiffs' suit is, on its face, improper. Plaintiffs seek solely to set aside prior valid judgments of this Court as void. The proper remedy for Plaintiffs' complaint about the outcome of the prior cases was to exhaust the appellate process, not simply file another lawsuit. The prior judgments against Plaintiffs are not void and thus are not subject to collateral attack.

5. *Res Judicata*. Plaintiffs' claims against Defendants are barred by res judicata. The Burkes have previously litigated their claims against Defendants, as well as their defenses to foreclosure against Defendants. The prior trial court concluded "[T]he Burkes' remaining challenges to the foreclosure suit lacked merit." Further, the Burkes have previously litigated their claims against Ocwen, and the prior trial court dismissed that suit as well. Res judicata protects Ocwen from being forced to re-litigate the Burkes' claims that were brought, or should have been brought, against Deutsche Bank or Ocwen in the previous lawsuits.

6. Over three years ago, in rendering judgment in favor of Deutsche Bank on its foreclosure claim against the Burkes, the Fifth Circuit held, "Given nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed." *Deutsche Bank Nat. Trust Co. v. Burke,* 902 F.3d 548, 552 (5th Cir. 2018). It would be an injustice to Defendants at this juncture, to allow Plaintiffs to continue their frivolous baseless litigation and delay the foreclosure further. Simply put, Plaintiffs' action fails to state a legally viable claim and must be dismissed with prejudice

## II.
## STATEMENT OF FACTS

7. The underlying facts, as previously analyzed by the Fifth Circuit in *Deutsche Bank v. Burke* and in *Burke v. Ocwen*, remain essentially unchanged. See *Deutsche Bank v. Burke*, 902 F.3d 548, 552 (5th Cir. 2018); *Deutsche Bank v. Burke*, 655 Fed. Appx. 251, 252 (5th Cir. 2016); and *Burke v. Ocwen*, 855 Fed. Appx. 180 (5th Cir. Mar. 30, 2021); See also *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); T*ellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 2499 (2007). On May 21, 2007, Joanna Burke executed a $615,000.00 Texas Home Equity Note (the "Note") and the Note is secured by a Texas Home Equity Security Instrument ("Deed of Trust"), which encumbers the Property. *Id.* John Burke joined in the execution of the Deed of Trust as he is also in title to the Property. *Id.* Despite receiving the benefits of the Note, Joanna Burke stopped making payments on the loan. *Id.*

**A.    The First Lawsuit**

8. On April 29, 2011, Deutsche Bank National Trust Company ("Deutsche Bank") filed a lawsuit against the Burkes, seeking to foreclose its deed of trust which secured the Property as collateral for the Note (the "First Suit"). In the First Suit, Deutsche Bank contended it was entitled to foreclose on the Property because the Burkes had defaulted on the Loan by failing to make required payments. After years of litigation, the Fifth Circuit rendered judgment in favor of Deutsche Bank. *Deutsche Bank v. Burke*, 902 F.3d 548, 552 (5th Cir. 2018).

**B.    The Second Lawsuit**

9. Unsatisfied by the prior judgment, on November 15, 2018, the Burkes filed a lawsuit against Ocwen in the 295th District Court of Harris County, Texas (the "Second Suit"). The Burkes brought claims in the second lawsuit for breach of contract, breach of the duty of good faith and fair dealing, fraud, negligence, negligent misrepresentation, unfair competition, and

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") (collectively, the "Collection Claims"). The Burkes also alleged that Ocwen violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). On December 3, 2018, Ocwen removed the case to this Court under 28 U.S.C. §1331. On February 22, 2019, the Court dismissed the Burkes' collections claims as those claims were found to be barred by res judicata. The Burkes' were provided an opportunity to amend their pleadings with respect to the RESPA claim. The Burkes' failed to replead and on March 19, 2019, the Court dismissed the remainder of the Burkes' claims. The dismissal of the Second Suit was affirmed on appeal. *See, Burke v. Ocwen*, 855 Fed. Appx. 180.

**C.     The Third Lawsuit**

10.     Concurrently with filing of the Second Suit, the Burkes also filed suit against the lawyers who were retained to defend the mortgagee and mortgage servicer in the First and Second Suit. Those attorneys are Mark Daniel Hopkins, Shelley Hopkins and the law firm of Hopkins Law, PLLC. The Burkes brought claims for fraud, civil conspiracy, and unjust enrichment, and that it violated both the Texas Debt Collection Act ("TDCA") and the FDCPA. On March 18, 2020, the Court dismissed the Burkes' claims against the Attorney Defendants with prejudice. The dismissal of the Third Suit was consolidated and affirmed on appeal. *See, Burke v. Ocwen*, 855 Fed. Appx. 180.

**D.     The Pending Lawsuit**

11.     On August 9, 2021, the Burkes filed this suit against Ocwen and its attorneys, the "Fourth Lawsuit." On September 22, 2021, Burkes amended their Complaint in this Fourth Lawsuit to include PHH (as Ocwen's successor by merger). The Burkes' sole purpose in filing this

suit is to set aside the prior judgments in the Second and Third Suits. The Burkes now, once again, attempt to re-litigate their prior suits.

## III.
## ARGUMENT AND AUTHORITIES

12. Defendants incorporate the preceding paragraphs as if fully stated herein. Defendants move for judgment on the pleadings on the claims asserted by Plaintiffs in their Complaint and First Amended Complaint. [Doc. 1 and 12].

**A.** **Legal Standard.**

13. Under Rule 12(c) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003), Fed. R. Civ. P. 12(c). A Rule 12(c) motion is analyzed under the standard used for Rule 12(b)(6). *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) challenge, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally, and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. A complaint should be dismissed if it lacks a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. *Peter v. Fisher*, 2009 WL 1065358, at *1 (N.D. Tex Jun. 8, 2009) (citing cases); *Overton v. JPMC Chase Bank*, 2010 WL 1141417, at *1 (S.D. Tex. Mar. 20, 2010). In practice, "a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. "A formulaic recitation of a cause of action's elements will not do." *Id*. at 555; see also *Iqbal*, 129 S. Ct. at 1949-50; *Fernandez-Montes v. Allied*

*Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Jones v. Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

14. Plaintiffs filed their Complaint [Doc. 1]. All of the Defendants have answered the Complaint. [Doc. 6 and 7]. Plaintiffs have subsequently amended their Complaint [Doc. 12] and all Defendants have answered the Amended Complaint [Doc. 15 and 16]. Thus, a motion for judgment on the pleadings is ripe for consideration.

**B. Collateral Attack on Judgment Not Permitted.**

15. The Burkes' sole purpose, as admitted by their pleadings, is to set aside valid judgments, which have been affirmed by the Fifth Circuit. This Court simply cannot revisit this Court's prior decision in a new lawsuit. The Burkes are not permitted to challenge the Court's prior rulings by suing again in federal district court as their remedy was to exhaust the appellate process, not file a new suit.

16. Both Texas and federal authorities recognize that only void judgments as opposed to voidable judgments may be collaterally attacked, and that only judgments which show a jurisdictional defect on the face of the record are classified as void judgments. *Litton v. Waters*, Tex. Civ. App., 161 S.W.2d 1095 (1942), err. ref.; *Pena v. Bourland*, D.Ct.Tex., 72 F.Supp. 290 (1947).

17. Plaintiffs have no valid legal basis for their conclusion that the prior judgments are "void" whereby subjecting the judgments to collateral attack. The Burkes repeatedly state in the Amended Complaint that the prior judgments are void, the Fifth Circuit's opinion is void and the Mandate is void. [Doc. 12]. As held by the Fifth Circuit,

> It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits.

*Bass v. Hoagland*, 172 F.2d 205, 208 (5th Cir. 1949).

18. There is simply no jurisdictional defect on the face of the record in either the Second Lawsuit (*Burke v. Ocwen*) or the Third Lawsuit (*Burke v. Hopkins*) that would permit the Burkes to continue this collateral attack. "'[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon,* 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 143 (5th Cir.1996)).

19. The proper manner for a party to air a complaint about the merits of a judgment is through the direct appeal of the judgment, not through the filing of a new lawsuit. *See Mason v. Judges of the United States Court of Appeals,* 952 F.2d 423, 426 (D.C.Cir.1991) ("We know of no basis upon which a district court may entertain an independent action to modify a judgment of a court of appeals, and particularly when that judgment affirmed a prior judgment of that district court."); *Blake v. Costantino,* 710 F.Supp. 450, 451 (E.D.N.Y.1989)("This court will not circumvent [the appellate process] by allowing plaintiff to attack the Bankruptcy Court's ruling collaterally, in a civil suit.") (quotation omitted); *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1392-93 (9th Cir.1987)("To allow a district court to grant injunctive relief against ... the district court ... would be to permit, in effect, a 'horizontal appeal' from one district court to another .... Such collateral attacks on the judgments ... of federal courts are improper.") (footnotes omitted).

**C. Plaintiffs' claims are barred by res judicata.**

20. The doctrine of res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559,571 (5th Cir. 2005). Res judicata further serves to "[t]o prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Casterline v*

*OneWest Bank, FSB,* 2018 WL 1755821 (Tex. App.—Corpus Christi 2018); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999).

21. For a claim to be barred on res judicata grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). When those elements are satisfied, res judicata "prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis in original); *see also In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 861 F.2d 814, 816 (5th Cir. 1988) ("Res judicata extends to matters that should have been raised in the earlier suit as well as those that were."). All elements of res judicata apply to bar the Burkes' Fourth Lawsuit.

        **a.**      **The parties are identical or in privity.**

22. The first element of res judicata requires that the parties are identical or be in privity with parties to the prior litigation. *Hous. Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). When determining privity, the court may look to the parties pre-existing legal relationships. *Taylor v. Sturgell*, 533 U.S. 880, 894 (2008). A loan's holder and the loan's servicer are in privity for purposes of res judicata. *Bellot v. Wells Fargo, N.A.*, No. H-13- 2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29, 2014), see also *Maxwell v. U.S. Bank Nat. Ass'n.*, 544 Fed. Appx. 470, 473 (5th Cir. 2013).

23. In the first suit, the Burkes and Deutsche Bank, the holder of the Burkes' loan, were the parties to the action. The Second Lawsuit involved Deutsche Bank's loan servicer, Ocwen. This Fourth Lawsuit now involves again Deutsche Bank's loan servicer, Ocwen and Ocwen's Successor by Merger, PHH. The parties are clearly in privity as required by the first element of res judicata.

    **b.**  **The judgment in the prior action was rendered by a court of competent jurisdiction.**

24. The United States Court of Appeals for the Fifth Circuit rendered judgment in the First Lawsuit.[2] In the Second Lawsuit, The United States Court of Appeals for the Fifth Circuit affirmed the judgment of the United States District Court for the Southern District of Texas.[3] These are courts of competent jurisdiction, thus satisfying the second element of res judicata.

    **c.**  **The prior action was concluded by a final judgment on the merits.**

25. There is no real dispute that a final judgment was entered in the first and the second suit and therefore the third element is satisfied.

    **d.**  **The same claim or cause of action was involved in both actions.**

26. If the Burkes had a dispute regarding their loan, then those issues were required to have been brought by the Burkes in connection with their other counterclaims in the First Lawsuit. Those same claims, when attempted by the Burkes to be brought in the Second Lawsuit, were barred from being presented given the application of res judicata. Any claims now stemming from the Burkes' loan are also barred from being re-litigated as to the loan owner/ beneficiary and the mortgage servicer. A party's failure to assert compulsory counterclaims precludes that party from asserting them in later lawsuits. *Gray v. Kirkland,* 550 S.W.2d 410, 411 (Tex. Civ. App.— Corpus

---

[2] *See Deutsche Bank v. Burke,* 902 F.3d 548, 552 (5th Cir. 2018).
[3] *Burke v. Ocwen Loan Servicing, LLC,* 855 Fed. Appx. 180 (5th Cir. Mar. 30, 2021).

*Motion for Judgment on the Pleadings*    Page 10 of 12
H610-1601 / BDF 20100159901407 Burke

Christi 1977, writ ref'd n.r.e.); *see also Barr v. Resolution Trust Corp., ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629–31 (Tex.1992). The test for determining whether a claim is a compulsory counterclaim is the "logical relationship" test. *Jack H. Brown & Co. v. Northwest Sign Co.,* 718 S.W.2d 397, 399–400 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Application of this test requires that at least some of the facts surrounding the causes of action arise from the same transaction or occurrence. *Jack H. Brown & Co.,* 718 S.W.2d at 400. When the same facts, whether controverted or uncontroverted, are significant and logically relevant to the various causes of action, the "logical relationship" test is satisfied. *Id.*

27.As to this last element, the courts apply a "transactional test, which requires that the two actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (internal citations omitted). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Additionally, the doctrine "extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication ....' " *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)). Given the foregoing, all of Plaintiffs' claims of as to Defendants should be dismissed on the basis of res judicata.

## IV.
## CONCLUSION

Pursuant the reasons set out herein, Defendants PHH and Ocwen respectfully request that the Court grant Defendants' Motion for Judgment on the Pleadings and dismiss Plaintiffs' Amended Complaint against them with prejudice and further request that the Court grant

Defendants any and all additional relief, whether at law or in equity, to which they may be justly entitled.

          Respectfully Submitted,

          **HOPKINS LAW, PLLC**

By:    */s/ Mark D. Hopkins*
        Mark D. Hopkins, *Attorney in Charge*
        State Bar No. 00793975
        SD ID No. 20322
        Shelley L. Hopkins
        State Bar No. 24036497
        SD ID No. 926469
        3 Lakeway Centre Ct., Suite 110
        Austin, Texas 78734
        (512) 600-4320
        mark@hopkinslawtexas.com
        shelley@hopkinslawtexas.com

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*VIA CM/RRR # 7021 1970 0000 4526 6415*
*AND VIA REGULAR MAIL*:
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

*VIA CM/RRR # 7021 1970 0000 4526 6422*
*AND VIA REGULAR MAIL*:
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

        */s/ Mark D. Hopkins*
        Mark D. Hopkins