UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA BURKE and JOHN BURKE,<br><br>*Plaintiffs,*<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>SUCCESSOR BY MERGER TO<br>OCWEN LOAN SERVICING, LLC,<br>MARK DANIEL HOPKINS, SHELLEY<br>HOPKINS, and HOPKINS LAW, PLLC,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:21-cv-02591 |

**<u>DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)</u>**
**<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

PHH Mortgage Corporation ("PHH"), Successor by Merger to Ocwen Loan Servicing, LLC ("Ocwen"), Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC ("Attorney Defendants") (collectively "Defendants," and with Plaintiffs, the "Parties") and file this their Joint Discovery Case Management Plan pursuant to Fed. Rules of Civ. P. 26(f).

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    RESPONSE: The parties informally conducted a Rule 26(f) conference by email correspondence. Plaintiffs appeared pro se. Defendants were represented by Mark D. Hopkins and Shelley L. Hopkins. Plaintiffs emailed counsel for Defendants on September 21, 2021, October 6, 2021, and October 18, 2021 with a draft of their Case Management Plan. Counsel for Defendants responded on October 18, 2021 with a separate draft and did not receive a response. Plaintiffs then filed their own Discovery/Case Management Plan on November 1, 2021. [Doc. 22].

2. **List the cases related to this one that are pending in any state or federal court with case number and court.**

   RESPONSE:   No related cases that remain pending at this time.

3. **<u>Briefly</u> describe what this case is about.**

   DEFENDANTS' RESPONSE:

   Plaintiffs defaulted on their mortgage and after extended litigation, non-party mortgagee obtain judgment for foreclosure. Unhappy with the results of suit, Plaintiffs filed a second and third suit against the mortgage servicer and the mortgage servicer attorneys. Judgment was granted against Plaintiffs in their second and third suit. This new suit seeks to challenge the judgments (affirmed by the Fifth Circuit) in those second and third lawsuits. Defendants assert that Plaintiffs' claims are barred by res judicata, claim preclusion and/or fail as a matter of law as impermissible attack on valid judgment and/or attorney immunity.

4. **Specify the allegation of federal jurisdiction.**

   RESPONSE:   Federal question jurisdiction under 28 U.S.C. § 1331 exists in this matter.

5. **Name the parties who disagree and the reasons.**

   RESPONSE:   No party disagrees that jurisdiction exists.

6. **List any anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   RESPONSE:   Defendants do not anticipate any additional parties being named.

7. **List anticipated interventions.**

   RESPONSE:   There are no anticipated interventions at this time.

8. **Describe class-action issues.**

   RESPONSE:   There are no class-action issues or collective action issues at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe arrangements that have been made to complete the disclosures.**

   RESPONSE:  The Parties have not exchanged initial disclosures. Initial disclosures are forthcoming by Defendants.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       RESPONSE:  The Parties will not agree as to a discovery plan.

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

       RESPONSE:  Unknown.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

       RESPONSE:  Defendants do not believe discovery is necessary in this matter as all claims are barred and subject to dismissal on the pending 12(c) motions filed October 26, 2021 and October 28, 2021. [Docs. 18 and 19].

    d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

       RESPONSE:  Unknown.

    e. **Of whom and by when the defendant anticipates taking oral depositions.**

       RESPONSE:  Defendants do not believe discovery is necessary in this matter as all claims are barred and subject to dismissal on the pending 12(c) motions filed October 26, 2021 and October 28, 2021. [Docs. 18 and 19].

    f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B),**

       **and when the opposing party will be able to designate responsive experts and provide their reports.**

       RESPONSE: Defendants do not believe expert designations are necessary.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

       RESPONSE: Unknown.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

       RESPONSE: Defendants will determine if necessary to depose Plaintiffs' experts after designation.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    RESPONSE: The Parties will not agree as to a discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    RESPONSE: None.

13. **State the date the planned discovery can be reasonably completed.**

    RESPONSE: Defendants do not believe discovery is necessary in this matter as all claims are barred and subject to dismissal on the pending 12(c) motions filed October 26, 2021 and October 28, 2021. [Docs. 18 and 19].

14. **Discuss the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    RESPONSE: Defendants do not anticipate resolution of this matter by settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    RESPONSE:   None at this time.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    RESPONSE:  It is unlikely that any form of alternative dispute resolution would be effective in this case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    RESPONSE:   Plaintiffs consent to trial before a magistrate judge. Defendants do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    RESPONSE:   A jury demand has not been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    RESPONSE:  Defendants anticipate that it will take approximately 6 hours to present evidence.

20. **List pending motions the Court could resolve at the initial pretrial conference.**

    RESPONSE: Defendants filed a Motion to Declare Plaintiffs as Vexatious Litigants on October 21, 2021. [Doc. 17]. Defendants PHH and Ocwen filed a Motion for Judgment on the Pleadings on October 26, 2021. [Doc. 18]. Attorney Defendants filed a Motion for Judgment on the Pleadings on October 28, 2021. [Doc. 19].

21. **List other pending motions.**

RESPONSE: The Burkes filed an "Emergency Motion to File Electronically Due to Life-Threatening Pandemic in Harris County (Level I, Stay at Home) and the State of Texas & Email Notifications" on August 25, 2021. [Doc. 5].

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

RESPONSE: None at this time.

23. **Certify that all parties have filed the Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

RESPONSE:

Plaintiffs have not filed a Disclosure of Interested Parties.

Defendant Ocwen filed its Certificate of Interested Parties and Corporate Disclosure Statement on September 1, 2021. [Doc. 8]. Attorney Defendants filed their Certificate of Interested Parties and Corporate Disclosure Statement on September 1, 2021. [Doc. 9].

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

RESPONSE:

**Pro Se Plaintiffs:**
John Burke
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**Attorneys for Defendants:**
Mark D. Hopkins
State Bar No. 00793975
SD ID No. 20322
Shelley L. Hopkins
State Bar No. 24036497
SD ID No. 92646
3 Lakeway Centre Ct., Suite 110

Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

Respectfully submitted,

**HOPKINS LAW, PLLC**

By: /s/ *Mark D. Hopkins*
Mark D. Hopkins – *Attorney in Charge*
State Bar No. 00793975
SD ID No. 20322
Shelley L. Hopkins
State Bar No. 24036497
SD ID No. 92646
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of November 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA CM/RRR # 7021 1970 0000 4526 6453***
***AND VIA REGULAR MAIL*:**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

***VIA CM/RRR # 7021 1970 0000 4526 6460***
***AND VIA REGULAR MAIL*:**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

/s/ Mark D. Hopkins
Mark D. Hopkins