## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JOANNA BURKE and JOHN BURKE,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:21-cv-2591** |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| **SUCCESSOR BY MERGER TO** | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| **MARK DANIEL HOPKINS, SHELLEY** | § | |
| **HOPKINS, and HOPKINS LAW, PLLC,** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DECLARE PLAINTIFFS AS VEXATIOUS LITIGANTS

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), now known as PHH Mortgage Corporation as their Successor by Merger ("PHH"), and Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC ("Attorney Defendants") (collectively "Defendants"), file this Reply to Plaintiffs' Response [Doc. 23] to Defendants' Motion to Declare Plaintiffs Joanna Burke and John Burke ("Plaintiffs" or the "Burkes") as Vexatious Litigants [Doc. 17] ("Plaintiffs' Response"), and in support thereof, would respectfully show unto the Court as follows:

### I.
### SUMMARY

1.     Displeased with losing their seven-year litigation with Deutsche Bank over the foreclosure of the property, the Burkes once again brought suit. The Burkes, since the Fifth Circuit ruled against them in 2018 have continued filing a flurry of new lawsuits, motions to intervene, judicial complaints and bar complaints about the attorneys and judges involved in the Burkes' prior

lawsuits. Though all the Burkes' claims are barred by res judicata[1], the Burkes continue to conjure any possible angle to prolong the legal assault against all Defendants. Defendants have been forced to defend suits brought by the Burkes over and over again, and this Court's docket has been burdened by the Burkes' meritless and unnecessary litigation.[2] The Burkes' harassment of Defendants and their counsel must end.

2.      Though most of the Burkes' Response is rambling and incorrect, the Burkes appear to argue that they should not be declared vexatious because Defendants failed to meet the numerosity, re-litigation and previous determination test for the vexatious motion.[3] The Burkes' response is misdirected. The applicable standard for issuing a declaration of vexatious litigant in Federal Court is **not** Tex. Civ. Prac. & Rem. Code §11.054. Defendants did not file their motion based upon this Texas law. Instead, Defendants rely on this Court's inherent authority under the All Writs Act, 28 U.S.C. § 1651(a) and its interpretation. Judicial history clearly reveals that the Burkes qualify as vexatious litigants under the All Writs Act.

3.      Due to the Burkes' unrelenting abuse of Defendants and the judiciary, the Burkes should be enjoined from future filings without first obtaining this Court's permission.

## II.
## ARGUMENT AND AUTHORITIES

4.      The Burkes are mistaken that the vexatious standard under Tex. Civ. Prac. & Rem. Code §11.054 applies to Defendants' Motion to Declare the Burkes Vexatious. Defendants' Motion was filed pursuant to the All Writs Act, codified at 28 U.S.C. § 1651(a), which authorizes federal courts "to enjoin litigants who are abusing the court system by harassing their opponents." *See*

---

[1] *See* Ocwen and PHH's Motion for Judgment on the Pleadings [Doc. 18] and Attorney Defendants' Motion for Judgment on the Pleadings [Doc. 19].
[2] *See* Defendants' Motion to Declare Plaintiffs as Vexatious Litigants and Brief in Support [Doc. 17] at Pp. 3-7.
[3] *See* Plaintiffs' Response [Doc. 23] at P. 3-4.

*Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents. This includes enjoining future filings to protect its jurisdiction and control of its docket." *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004) (per curiam) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986))

5.      As described in Defendants' Motion, the four factors this Court must examine in issuing a vexatious declaration include: (1) the party's history of litigation, in particular whether the party has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

6.      The Burkes' litigation history is extensive.[4] At the heart of each subsequent suit is the Burkes' disagreement with the foreclosure judgment, or their perceived mistreatment. The plain reality is that the Burkes failed to pay their mortgage and the Burkes blame everyone but themselves for that default. The Burkes have only ill intent in filing repetitive harassing lawsuits.

7.      While certainly creative for people without legal education, the Burkes' claims simply have no chance of success.[5] The mere act of filing repetitive claims harasses Defendants and forces Defendants to incur substantial costs in defense – costs Defendants have no chance of recovering from Plaintiffs. The issues upon which the Burkes' claims are based have been litigated and decided and/or should have brought such complaints within the prior action. Accordingly, this

---

[4] *See* Defendants' Motion to Declare Plaintiffs as Vexatious Litigants and Brief in Support [Doc. 17] at Pp. 3-7.
[5] Plaintiffs' claims in this suit are baseless on their face, hence the filing of Defendants' respective 12(c) Motions. [Doc. 18, 19].

Court should, under its inherent authority, bar the Burkes from future filings. The Burkes' gamesmanship must be put to an end.

8.      No other vehicle is adequate to deter the Burkes from pursuing other frivolous litigation. The Burkes' harassment of Defendants, defense counsel, and court personnel and the judiciary is clearly an abuse of the judicial process. The Burkes have been embroiled in extended litigation with Ocwen, PHH, Deutsche Bank, or Attorney Defendants for more than a decade. Based on this litigation history, the Burkes will continue to abuse the court system unless this Court enjoins them from filing further vexatious litigation.

### III.
### PRAYER

Pursuant to the reasons set out herein, Defendants pray that the Court grant the Motion to Declare Plaintiffs as Vexatious Litigants, enter an order enjoining Plaintiffs from filing in the Southern District of Texas without first obtaining the express permission of a district judge within the Southern District, and for any further relief, at law or in equity, to which they show themselves justly entitled.

Respectfully Submitted,

**HOPKINS LAW, PLLC**

By:      /s/ Mark D. Hopkins
         Mark D. Hopkins, *Attorney in Charge*
         State Bar No. 00793975
         SD ID No. 20322
         Shelley L. Hopkins
         State Bar No. 24036497
         SD ID No. 926469
         3 Lakeway Centre Ct., Suite 110
         Austin, Texas 78734
         (512) 600-4320
         mark@hopkinslawtexas.com
         shelley@hopkinslawtexas.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA CM/RRR # 7021 1970 0000 4526 6484***
***AND VIA REGULAR MAIL:***
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

***VIA CM/RRR # 7021 1970 0000 4526 6491***
***AND VIA REGULAR MAIL:***
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
**PRO SE PLAINTIFF**

/s/ *Mark D. Hopkins*
Mark D. Hopkins