United States District Court
Southern District of Texas
**ENTERED**
August 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BURKE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-2591 |
| | § | |
| OCWEN LOAN SERVICING, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Declare Plaintiffs Vexatious Litigants (Doc. #17), Plaintiffs' Response (Doc. #23), Defendants' Reply (Doc. #25), Defendants' Motions for Judgment on the Pleadings (Doc. #18 and Doc. #19), Plaintiffs' Combined Response (Doc. #32), and Defendants' Replies (Doc. #34 and Doc. #35). Having reviewed the parties' arguments and applicable law, the Court denies the Motion to Declare Plaintiffs Vexatious Litigants and grants both Motions for Judgment on the Pleadings.

## I.      Background

This case has an eleven-year litigation history that began in 2011 when Deutsche Bank Nation Trust Company ("Deutsche Bank") sued pro se Plaintiffs Joanna and John Burke ("Plaintiffs" or "the Burkes") for judicial foreclosure of Plaintiffs' property commonly known as 46 Kingwood Greens Dr., Kingwood, Texas 77339 (the "Property"), based on Plaintiffs' failure to make payments on their Texas Home Equity Note. *Deutsche Bank National Trust Company v. Burke et al*, Civil Action No. 4:11–CV–01658 ("*Burke I*"). After United States Magistrate Judge Smith found Deutsche Bank's assignment to be invalid, Deutsche Bank appealed to the Fifth Circuit, who reversed and remanded the case to the district court to determine whether Deutsche Bank met the remaining requirements to foreclose under Texas law. *Deutsche Bank Nat'l Tr. Co.*

*v. Burke*, 655 F. App'x 251, 255 (5th Cir. 2016).  When Judge Smith found in favor of Plaintiffs on remand, Deutsche Bank once again appealed.  *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 550 (5th Cir. 2018).  In September 2018, the Fifth Circuit reversed and rendered judgment in favor of Deutsche Bank on its foreclosure claim, noting that "[g]iven nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed." *Id.* at 552.

Unhappy with the outcome in *Burke I*, Plaintiffs filed two suits in state court two months later: one against Ocwen Loan Services LLC ("Ocwen"), the servicer of Plaintiffs' loan, and another against Deutsche Bank's attorneys during *Burke I*: Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC (the "Attorney Defendants").  Both cases were removed to the United States District Court for the Southern District of Texas.  *Burke et al v. Ocwen Loan Servicing, LLC*, Civil Action No. 4:18-cv-4544 ("*Burke II*") and *Burke et al v. Hopkins et al*, Civil Action No. 4:18-cv-4543 ("*Burke III*").  Soon thereafter, Plaintiffs filed a petition for writ of certiorari for *Burke I*, which the United States Supreme Court denied.  Doc. #17 at 4.  Around the same time, Plaintiffs filed three Motions to Intervene and one Renewed Motion to Intervene in three unrelated lawsuits in the United States District Courts for the District of Kansas, Southern District of Florida, and Northern District of Illinois, each of which involved Ocwen or Deutsche Bank.  *Id.* at 3 n.4, 6–7.  All four motions were denied, with one ruling affirmed on appeal and another currently pending on appeal before the Eleventh Circuit.  *Id.*

As to *Burke II* and *Burke III*, after United States District Judge David Hittner dismissed the claims against Attorney Defendants based on the attorney immunity doctrine and dismissed the claims against Ocwen based on *res judicata* and for want of prosecution, Plaintiffs appealed both cases to the Fifth Circuit.  *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 184 (5th Cir. 2021).  After consolidating the appeals, the Fifth Circuit affirmed both district court decisions on

March 30, 2021 and entered judgment in favor of Ocwen and Attorney Defendants. *Id.* at 187. Plaintiffs filed a Petition for Rehearing En Banc, which the Fifth Circuit denied, along with multiple motions for reconsideration of said denial, motions for extension of time, and a motion to stay. *See e.g* Appellate Docs. #9549894-2, #9557920-2, #9572022-2, #9585172-2, and #9607360-2.[1] Plaintiffs also moved to disqualify Chief Judge Priscilla Owens and moved for reconsideration of the denial of said motion. Appellate Doc. #9611750-2.

The events critical to this suit began on July 8, 2021 when Plaintiffs filed a Motion to Clarify. Doc. #12 at 50; Appellate Doc. #9614189-2. After a phone call with Mr. Burke on July 9, Fifth Circuit Clerk Christina Gardner edited the July 8 docket entry and relabeled the Motion to Clarify as a motion for reconsideration. Doc. #12 at 52. Plaintiffs do not dispute that the actual document filed on the docket is their Motion to Clarify, but instead take issue with what they call Ms. Gardner's "textual (docket entry only) [m]otion." *See id.* at 53; Appellate Doc. #9614189-2. The docket entry at issue states:

> OPPOSED MOTION for reconsideration of the 06/21/2021 court order denying motion for reconsideration of the 05/05/2021 order denying motion for authorization to omit the Statement of facts requirement for their Petition for Rehearing En Banc and file petition in present form. No action is taken on Appellants' request for clarification of clerk's office procedure as unnecessary - procedure was explained to Mr. Burke telephonically. Appellants may use the pro_se@ca5.uscourts.gov email as an alternative, if necessary [9557920-3], [9557920-2] [9614189-2]. Response/Opposition due on 07/19/2021. Date of service: 07/08/2021 [19-20267, 20-20209] REVIEWED AND/OR EDITED - The original text prior to review appeared as follows: OPPOSED MOTION for clarification of the Order dated 06/21/2021 denying Motion for reconsideration filed by Appellants Ms. Joanna Burke and Mr. John Burke in 19-20267, 20-20209 [9585172-2]. Response/Opposition due on 07/19/2021. [19-20267, 20-20209]

---

[1] All references to "Appellate Doc." refer to documents filed on the record in the consolidated appeals of *Burke II* and *Burke III.* Fifth Circuit Court of Appeals Case Nos. 19-20267 and 19-20267.

REVIEWED AND/OR EDITED - The original text prior to review appeared as follows: OPPOSED MOTION filed by Appellant Mr. John Burke in 19-20267, 20-20209 for clarification of the Order dated 06/29/2021. Date of service: 07/08/2021 via US mail - Appellant Burke; email - Appellant Burke; Attorney for Appellees: Hopkins, Hopkins [19-20267, 20-20209] (John Burke ) [Entered: 07/08/2021 10:02 AM]

Plaintiffs allege that Ms. Gardner's characterization of their Motion to Clarify as a motion for reconsideration without Plaintiffs' approval constitutes impersonation and fraud.  Doc. #12 at 52–54.  On July 18, 2021, Plaintiffs filed a Motion to "Correct Opinion; Response to Strike Clerks' Docket Entry Dated 9th July 2021 and Other Relief" ("Motion to Correct"), arguing in part that: (1) the Fifth Circuit had interfered with Plaintiffs' rights of access to the judiciary, (2) Fifth Circuit Judges Higginbotham, Higginson, Davis, Elrod, Owen, and Dennis should have recused themselves from Plaintiffs' appeals, (3) Ms. Gardner's conduct was unlawful, and (4) Ms. Gardner's docket entry should be struck from the record as void.  Appellate Doc. #9621392-2.  On August 4, 2021, the Fifth Circuit denied all then-pending motions, including Plaintiffs' Motion to Clarify (referred to as a "motion for reconsideration") and Plaintiffs' Motion to Correct.  Appellate Doc. #515965956.  The same order struck Plaintiffs' deficient Petition for Rehearing En Banc, dismissed Plaintiffs' appeals, and entered final judgments in favor of Ocwen and Defendant Attorneys in *Burke II* and *Burke III*. *Id.*  Plaintiffs did not file a motion for reconsideration, petition for rehearing en banc, or petition for writ of certiorari regarding the August 4th Order.  Instead, Plaintiffs filed the suit now before the Court ("*Burke IV*") on August 9, 2021.  Doc. #1.

Plaintiffs contend that "[t]his civil action does not involve the 'merits' of any prior lawsuits."  Doc. #32 at 3.  Rather, Plaintiffs direct this lawsuit "at the judicial machinery itself" and bring this "equitable action with one purpose[:] to vacate void judgment(s) on the basis of fraud." *See id.* at 4 and Doc. #12 at 2.  Though Plaintiffs allege multiple acts of fraud and conspiracy, "central to this lawsuit" is Plaintiffs' allegation that Ms. Gardner fraudulently

4

impersonated Plaintiffs and entered Plaintiffs' Motion to Correct on the docket as a motion for reconsideration. Doc. #12 at 50–54. Because the Fifth Circuit's August 4th Order referred to this allegedly fraudulent "textual (docket entry only)" motion for reconsideration, Plaintiffs contend that the order was procured by fraud and is therefore void. *Id.* at 27, 31, 51. As such, Plaintiffs seek an order vacating, setting aside, and declaring null and void the Fifth Circuit's August 4th Order and the two copies of said order filed in the underlying *Burke II* and *Burke III* district court cases. *Id.* at 76–77, 50–54. Nevertheless, the only defendants named in this case and appearing before this Court are the Attorney Defendants and Defendant PHH Mortgage Company LLC, successor by merger to Ocwen (collectively, "Defendants"). *Id.* at 2–15. Defendants now move to declare Plaintiffs vexatious litigants and for judgment on the pleadings.

## II.    Vexatious Litigants

Defendants argue that Plaintiffs' "unrelenting abuse of Defendants and the judiciary" warrants sanctions and Plaintiffs should be "enjoined from filing further suits against Defendants relating to the Property at issue in this suit without first obtaining this Court's permission." Doc. #17 ¶ 9. "Federal courts [] have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651." *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017). Courts can even do so sua sponte if there is "a history of litigation entailing vexation, harassment and needless expense to other parties, and an unnecessary burden on the courts and their supporting personnel." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 188 (5th Cir. 2008). "When considering whether to enjoin future filings, the court must consider the circumstances of the case, including four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or

simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Carroll*, 850 F.3d at 815.

As explained above, Plaintiffs' history of litigation regarding foreclosure on the Property now includes four cases filed in or removed to the Southern District of Texas, three appeals to the Fifth Circuit, four motions to intervene in three unrelated lawsuits in three separate United States District Courts, two appeals to the Eleventh Circuit based on the denial of said motions, one of which is still ongoing, and a writ to the Supreme Court . *See* Doc. #17 at 3–7.  While Plaintiffs' conduct regarding *Burke I* may not have been beyond the normal purview of litigation, their actions following the Fifth Circuit's final ruling in September 2018 are cause for concern.  For example, Plaintiffs argue, without citing any legal authority in support, that their three Motions to Intervene and subsequent litigation should be disregarded because the Burkes were "not a 'party' or a 'plaintiff'" in any such cases. Doc. #23 at 41.  Ironically, it is for this exact reason that the Court finds Plaintiffs' conduct in the United States District Courts for the District of Kansas, Southern District of Florida, and Northern District of Illinois especially troubling.  Additionally, Plaintiffs do not dispute that they have filed complaints with the State Bar of Texas against almost every judge and attorney who have ruled against them or represented an adverse party. *See id.* and Doc. #17 at 7.  Based on the record before it, the Court finds that Plaintiffs have a "history of litigation" that includes "vexatious, harassing, or duplicative lawsuits" that put substantial burdens on the courts, Defendants, and even entirely unrelated parties. *See Carroll*, 850 F.3d at 815.

As to a good faith basis for pursuing this litigation, Plaintiffs claim that their "cases have always been brought in good faith." Doc. #23 at 9.  Yet Plaintiffs offer no basis for filing their Motions to Intervene and despite the fact that *Burke III* resulted in the dismissal of all claims against Attorney Defendants based on the attorney immunity doctrine, Plaintiffs only argument as

to why the same doctrine does not preclude Plaintiffs' claims against Attorney Defendants in this case is that the doctrine is an "inapplicable and irrelevant" "red herring." *See id.* at 21 and Doc. #32 at 26, 32. Though Plaintiffs do not offer any explanation as to why the doctrine is irrelevant to this proceeding, the Court assumes that Plaintiffs are referring to their beliefs that in this case, "Plaintiffs are not complaining directly against [Defendants], but rather the judicial machinery itself" and Defendants are only included as parties because "the civil action must name the same parties who have and/or will obtained [sic] benefit from this void judgment" in order "to obtain meaningful relief." *Id.* at 24.

As explained below, "an independent action may be brought to enjoin the enforcement of a judgment on equitable grounds in any court with subject matter jurisdiction." *Browning v. Navarro*, 887 F.2d 553, 562 (5th Cir. 1989) (internal citation omitted). Defendants offer no evidence indicating that Plaintiffs did not have a good faith belief that they were following the necessary procedures to institute such an action when they filed this case. *See* Doc. #17 and Doc. #25. Additionally, Defendants do not dispute that Plaintiffs have not received any warnings regarding harassment or vexatiousness in any of their previous judicial proceedings. *See* Doc. #23 at 10 and Doc. #25. Though there are many indications of harassment in the record, the Court gives Plaintiffs the benefit of the doubt and finds these potential bases for good faith to be sufficient grounds to decline to impose a pre-filing injunction against Plaintiffs.

As such, the Court denies Defendants' Motion to Declare Plaintiffs Vexatious Litigants. However, the Court emphatically warns Plaintiffs that they are hereby on notice that any additional litigation against Defendants related to the Property or foreclosure proceedings will be clear and compelling evidence of bad faith, such that the imposition of sanctions and pre-filing injunctions would be just.

### III.   Judgment on the Pleadings

Defendants also move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiffs' First Amended Complaint fails to state viable claims against them. Doc. #18 and Doc. #19.  "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (citation omitted). Courts "hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).

Plaintiffs bring this "equitable action with one purpose[:] to vacate void judgment(s) on the basis of fraud." Doc. #12 at 2.  Plaintiffs direct this lawsuit "at the judicial machinery itself," claiming that the Fifth Circuit's August 4, 2021 Order is void because it was procured by fraud. Doc. #32 at 4; Doc. #12.  "There are three procedures for attacking a judgment.  First, a litigant may launch a direct attack before the court which rendered the judgment." *Browning*, 887 F.2d at 562.  Second, "a collateral attack may be made in a proceeding where the judgment being attacked forms the basis of claim or of a defense.  A collateral attack, unlike a direct or independent attack, is incidental to the proceeding in which it is made." *Id.*  Finally, "an independent action may be brought to enjoin the enforcement of a judgment on equitable grounds in any court with subject matter jurisdiction." *Id.*

Here, Plaintiffs ask this district court to "set aside" and "deem[] null and void" the Fifth Circuit's August 4th Order.  Doc. #12 at 76.  Because this Court is not "the court which rendered the judgment" at issue, Plaintiffs' characterization of their case as a direct attack is incorrect.  *See Browning*, 887 F.2d at 562 and Doc. #12 at 33.  Additionally, because Plaintiffs bring this case with the sole purpose of "vacat[ing] void judgment(s) on the basis of fraud," Plaintiffs are not making a collateral attack on a judgment that is "incidental to th[is] proceeding."  *See* Doc. #12 at 2, 30; *Browning*, 887 F.2d at 562; *see also In re Owsley*, No. 2:20-CV-00171, 2021 WL 3033120, at *8 (S.D. Tex. July 17, 2021) (explaining that "[i]n general, collateral attacks do not seek to set aside the former judgment").

This leaves one option for Plaintiffs' suit: an independent action to enjoin the enforcement of a judgment on equitable grounds.  *Browning*, 887 F.2d at 562.  Construing Plaintiffs' pleadings liberally, the Court treats this case as such.  *See* Doc. #12 at 2, 30 (referring to this case as "an equitable action" and an "independent, equity lawsuit").  However, a "party cannot relitigate in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action."  *Sinesterra v. Roy*, 347 F. App'x 9, 10 (5th Cir. 2009).  Plaintiffs previously raised the allegedly fraudulent conduct at issue in this case to the Fifth Circuit in their Motion to Correct, filed in the consolidated appeal of *Burke II* and *Burke III* on July 18, 2021.  *See* Doc. #12 and Appellate Doc. #9621392-2.  The Fifth Circuit denied Plaintiffs' Motion to Correct on August 4, 2021.  Defendants did not move for a rehearing on this order or file a petition for certiorari, thus precluding a finding that they were denied a fair opportunity to have their claims heard.  As such, the Court finds that these issues cannot be relitigated in an independent action before this Court.  *See Sinesterra*, 347 F. App'x at 10.

Accordingly, the Court grants Defendants' Motions for Judgments on the Pleadings.

## IV.    Conclusion

For the foregoing reasons, the Court finds some indica of good faith and declines to declare Plaintiffs as vexatious litigants.  However, the Court finds that Plaintiffs have failed to plead plausible claims against Defendants.  Accordingly, the Court hereby DENIES Defendants' Motion to Declare Plaintiffs Vexatious Litigants (Doc. #17), GRANTS Defendants' Motions for Judgment on the Pleadings (Doc. #18 and Doc. #19), and DISMISSES this case.[2]

Furthermore, Plaintiffs are hereby warned that any additional litigation against Defendants related to the Property or its foreclosure proceedings will be clear and compelling evidence of bad faith, such that the imposition of sanctions and pre-filing injunctions would be just.

It is so ORDERED.

AUG 2 9 2022

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[2] In light of these rulings, Defendants' Motion to Strike Plaintiffs' Response (Doc. #33) and Plaintiffs' Motions for Zoom Hearings (Doc. #41 and Doc. #42) are DENIED as MOOT.  As to the latter, because the constitutional right to be heard is satisfied by the opportunity to affirmatively advance argument with supporting authority through written briefing, the Court rejects Plaintiffs' argument that due process requires oral hearings. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (rejecting due process argument and noting that "[b]y long practice, and frequently by express rules, important substantive or procedural issues are fully and finally disposed of . . . wholly on written papers without oral argument of any kind").